**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NEWTON BEY, )<br>)<br>Defendant. )<br>_____) | CRIMINAL ACTION<br><br>No. 94-20075-01-KHV |

## **MEMORANDUM AND ORDER**

On January 10, 1995, defendant pled guilty to using a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c) and distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1). On April 10, 1995, the Court sentenced defendant to five years in prison on the firearm count and 135 months in prison on the distribution count, to run consecutively. On March 4, 2008, because defendant's guideline sentencing range had been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), the Court reduced defendant's sentence from 195 months to 168 months, i.e. 108 months consecutive to the 60 month sentence for violation of 18 U.S.C. § 924(c), under 18 U.S.C. § 3582(c)(2). Because defendant had already served at least 168 months, the Court reduced his sentence to "time served." Nunc Pro Tunc Order Regarding Motion For Sentence Reduction Pursuant To 18 U.S.C. § 3582(c)(2) (Doc. #372) filed March 4, 2008 at 1.

On September 29, 2009, the Court revoked defendant's supervised release and sentenced him to nine months in prison. This matter is before the Court on defendant's Modification Of An Imposed Term Of Imprisonment Pursuant To 18 U.S.C. § 3582(c)(2) (Doc. #393) filed January 13, 2010. Defendant seeks relief under 18 U.S.C. § 3582(c)(2), which grants a district court authority

to reduce the sentence of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that the United States Sentencing Commission has subsequently lowered pursuant to 28 U.S.C. § 994(o) "if such a reduction is consistent with applicable policy statements issued by the Commission." 18 U.S.C. § 3582(c)(2). Defendant argues that his sentence upon revocation of supervised release is part of his sentence for the underlying offense. The Tenth Circuit, however, has noted that retroactive amendments which lower the sentencing range for the underlying offense have no bearing on defendant's prison term imposed for violation of the terms of supervised release. United States v. Fontenot, 583 F.3d 743, 744 (10th Cir. 2009). A term of imprisonment on revocation of supervised release is based on noncompliance with the terms of supervised release, not on the drug quantity table set forth at U.S.S.G. § 2D1.1(c). Id. Moreover, a sentence reduction is not consistent with the relevant policy statement issued by the Sentencing Commission, which clarifies that Section 3582(c)(2) "does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." U.S.S.G. § 1B1.10, cmt. n.4A.[1] The Court therefore overrules defendant's request for relief based on the retroactive amendment

---

[1] The Seventh and Eleventh Circuits have reached similar conclusions. See United States v. Forman, 553 F.3d 585, 588-89 (7th Cir. 2009), cert. denied, --- U.S. ----, 129 S. Ct. 2817 (2009); United States v. Holmes, 323 Fed. Appx. 848, 850 (11th Cir. 2009).

In part, defendant relies on United States v. Etherton, 101 F.3d 80 (9th Cir. 1996), which held that defendant was eligible for a reduction of his supervised release revocation sentence because the guideline range for his original crime was lowered. The Ninth Circuit reasoned that a term of supervised release is "simply part of the whole matrix of punishment which arises out of a defendant's original crimes." Id. at 81 (quoting United States v. Paskow, 11 F.3d 873, 883 (9th Cir. 1993)). The Ninth Circuit recently noted, however, that unlike the sentence reduction in Etherton, which predated Application Note 4(A) to U.S.S.G. § 1B1.10, a reduction in a supervised release revocation sentence today would be inconsistent with an applicable policy statement. See United States v. Morales, --- F.3d ----, 2010 WL 10983, at *1-3 (9th Cir. Jan 5, 2010). In Morales, the Ninth Circuit concluded that the district court did not have jurisdiction to reduce defendant's sentence for a supervised release violation. See id. at *2-3.

regarding offenses involving crack cocaine.

In the alternative, defendant argues that the Court should reduce his sentence of imprisonment under 18 U.S.C. § 3585(b) by giving him credit for the extra time he served on his original sentence. Section 3585(b) gives a defendant "credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed." The Court overrules defendant's argument because a district court is not authorized to compute service credit under 18 U.S.C. § 3585; credit awards are made by the Attorney General through the Bureau of Prisons. United States v. Wilson, 503 U.S. 329, 333-35 (1992); United States v. French, 297 Fed. Appx. 333, 334 (5th Cir. 2008); see United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004) (although Section 3585(b) calls for defendant to receive credit for time served, calculation of sentence left to BOP and not sentencing court). Before seeking judicial review of credits under Section 3585(b), prisoners must exhaust administrative remedies. See French, 297 Fed. Appx. at 334; Buchanan v. U.S. Bureau of Prisons, 133 Fed. Appx. 465, 467 (10th Cir. May 18, 2005); see also Sandefur v. Pugh, 189 F.3d 478, 1999 WL 679685, at *1 (10th Cir. Sept. 1, 1999) (federal inmate must exhaust administrative remedies before seeking review of complaints relating to aspects of imprisonment such as computation of sentence).[2] In any event, defendant's argument appears to be without merit. The Court reduced defendant's original sentence

---

[2] To the extent defendant challenges the calculation of his guideline sentence (including any credit for additional time served on the underlying offense) for violation of the terms of supervised release or the reasonableness of that sentence, the Court declines to address the argument. Defendant has filed an appeal of the order which revoked his supervised release and imposed a prison term of nine months.

to "time served" so in that sense he did not accumulate credit toward future sentences. Even if defendant had served additional time on his original sentence, he is not entitled to "bank" that time as a credit against future prison terms for violations of supervised release. See generally United States v. Johnson, 529 U.S. 53, 54 (2000) ("excess prison time" served by defendant on invalidated criminal convictions cannot be credited to reduce length of supervised release period).

**IT IS THEREFORE ORDERED** that defendant's Modification Of An Imposed Term Of Imprisonment Pursuant To 18 U.S.C. § 3582(c)(2) (Doc. #393) filed January 13, 2010 be and hereby is **OVERRULED**.

Dated this 19th day of January, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge