**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>   )<br>         Plaintiff,  )<br>   )<br>v.   )<br>   )<br>NEWTON BEY,   )<br>   )<br>         Defendant.  )<br>_____) | CRIMINAL ACTION<br><br>No. 94-20075-01-KHV |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's <u>3582 Motion [For] Modification Relating To Early Termination Of Supervised Release</u> (Doc. #437) filed November 18, 2011.  For reasons stated below, the Court sustains defendant's motion in part.

**Factual Background**

On January 10, 1995, defendant pled guilty to use of a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c) and distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1).  On April 10, 1995, the Court sentenced defendant to five years in prison on the firearm count and 135 months in prison on the distribution count, to run consecutively.

On March 4, 2008, because defendant's guideline sentencing range had been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), the Court reduced defendant's sentence from 195 months to 168 months, <u>i.e.</u> 108 months consecutive to the 60 month sentence on the firearm count under 18 U.S.C. § 3582(c)(2).  Because defendant had already served at least 168 months, the Court reduced his sentence to "time served."  <u>Nunc Pro Tunc Order Regarding Motion For Sentence Reduction Pursuant To 18 U.S.C. § 3582(c)(2)</u> (Doc. # 372) filed March 4, 2008 at 1.  The Bureau of Prisons released defendant from custody subject to

supervised release.

On September 29, 2009, the Court revoked defendant's supervised release and sentenced him to nine months in prison and three years of supervised release. On January 13, 2010, defendant asked the Court to reduce his sentence of nine months to time served because he had "over-served" his prior sentence of 168 months by some 18 months. On January 19, 2010, the Court overruled defendant's motion. See Memorandum And Order (Doc. #395). In particular, the Court stated as follows:

> Defendant seeks relief under 18 U.S.C. § 3582(c)(2), which grants a district court authority to reduce the sentence of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that the United States Sentencing Commission has subsequently lowered pursuant to 28 U.S.C. § 994(o) "if such a reduction is consistent with applicable policy statements issued by the Commission." 18 U.S.C. § 3582(c)(2). Defendant argues that his sentence upon revocation of supervised release is part of his sentence for the underlying offense. The Tenth Circuit, however, has noted that retroactive amendments which lower the sentencing range for the underlying offense have no bearing on defendant's prison term imposed for violation of the terms of supervised release. United States v. Fontenot, 583 F.3d 743, 744 (10th Cir. 2009). A term of imprisonment on revocation of supervised release is based on noncompliance with the terms of supervised release, not on the drug quantity table set forth at U.S.S.G. § 2D1.1(c). Id. Moreover, a sentence reduction is not consistent with the relevant policy statement issued by the Sentencing Commission, which clarifies that Section 3582(c)(2) "does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." U.S.S.G. § 1B1.10, cmt. n.4A. The Court therefore overrules defendant's request for relief based on the retroactive amendment regarding offenses involving crack cocaine.
>
> In the alternative, defendant argues that the Court should reduce his sentence of imprisonment under 18 U.S.C. § 3585(b) by giving him credit for the extra time he served on his original sentence. Section 3585(b) gives a defendant "credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-- (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed." The Court overrules defendant's argument because a district court is not authorized to compute service credit under 18 U.S.C. § 3585; credit awards are made by the Attorney General through the Bureau of Prisons. United States v. Wilson, 503

> U.S. 329, 333-35 (1992); United States v. French, 297 Fed. Appx. 333, 334 (5th Cir. 2008); see United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004) (although Section 3585(b) calls for defendant to receive credit for time served, calculation of sentence left to BOP and not sentencing court). Before seeking judicial review of credits under Section 3585(b), prisoners must exhaust administrative remedies. See French, 297 Fed. Appx. at 334; Buchanan v. U.S. Bureau of Prisons, 133 Fed. Appx. 465, 467 (10th Cir. May 18, 2005); see also Sandefur v. Pugh, 189 F.3d 478, 1999 WL 679685, at *1 (10th Cir. Sept. 1, 1999) (federal inmate must exhaust administrative remedies before seeking review of complaints relating to aspects of imprisonment such as computation of sentence). In any event, defendant's argument appears to be without merit. The Court reduced defendant's original sentence to "time served" so in that sense he did not accumulate credit toward future sentences. Even if defendant had served additional time on his original sentence, he is not entitled to "bank" that time as a credit against future prison terms for violations of supervised release. See generally United States v. Johnson, 529 U.S. 53, 54 (2000) ("excess prison time" served by defendant on invalidated criminal convictions cannot be credited to reduce length of supervised release period).

Memorandum And Order (Doc. #395) at 2-4 (footnotes omitted). On June 2, 2010, after defendant had completed his nine-month prison term, the BOP released him from custody subject to supervised release.

On January 14, 2011, the Court again revoked defendant's supervised release and sentenced him to 12 months and one day in prison and 15 months on supervised release. See Judgment In A Criminal Case (Doc. #421) filed January 18, 2011. On August 10, 2011, the Tenth Circuit Court of Appeals affirmed the sentence.

On November 17, 2011, the BOP released defendant. On November 21, 2011, defendant entered an in-patient substance abuse treatment program.

## **Analysis**

Defendant asks the Court to terminate his supervised release term of 15 months because based on the most recent amendments to the Sentencing Guidelines, he over-served his original prison sentence by some 56 months (18 months based on 2008 amendment and 38 months based on

2010 amendment). Although defendant refers to both Sections 3582 and 3583 of Title 18 of the United States Code, only Section 3583 applies to modification or termination of a term of supervised release.[1]

In its discretion under Section 3583(e)(1), the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release" if the Court is satisfied that defendant's conduct and the interest of justice warrant such relief. 18 U.S.C. § 3583(e)(1); see Rhodes v. Judiscak, 653 F.3d 1146, 1148 (10th Cir. 2011). If a defendant has "over-served" his prison term in a case of a retroactive amendment which lowers a sentencing range, the Court may consider that factor in connection with any motion for early termination of a term of supervised release under Section 3583(e)(1). U.S.S.G. § 1B1.10(b)(2)(C), Cmt. n.5B; see Rhodes, 653 F.3d at 1148-50.[2] The fact by itself that a defendant has over-served his original sentence, however, is insufficient to warrant early termination of supervised release. U.S.S.G. § 1B1.10(b)(2)(C), Cmt. n.5B. The Court must take into account the totality of circumstances relevant to a decision to terminate supervised release, including the term of supervised release that would have been appropriate in connection with a sentence under the amended guideline range determined under subsection (b)(1).

The BOP released defendant less than one month ago. When the Court last revoked defendant's supervised release in January of 2011, the Court imposed a condition that after defendant served 12 months and one day in prison, he must serve a term of supervised release of

---

[1] For substantially the reasons stated in the Court's prior order, defendant is not entitled to relief under Section 3582. See Memorandum And Order (Doc. #395) at 2-4.

[2] The reduced term of imprisonment under Section 3582(c)(2) cannot be less than the term of imprisonment the defendant has already served. U.S.S.G. § 1B1.10(b)(2)(C).

15 months.[3]  The Court commends defendant for his successful completion of several prison programs, including one titled "Freedom From Drugs."  Even so, as defendant himself acknowledged at the hearing in January of 2011, he has a serious drug addiction problem which requires treatment.  Transcript Of Final Revocation Hearing (Doc. #434) at 11, 13-16.  His drug addiction requires more substantial treatment than that offered in most prisons.  See id. at 23-24, 26.  For substantially the reasons that the Court imposed a supervised release term in January of 2011 which included mandatory drug treatment and a term up to 180 days at a halfway house, the Court finds that defendant's supervised release term should not be terminated at this time.

The Court recognizes that because of the age of defendant's conviction, he only partially realized the benefit of recent amendments to the Sentencing Guidelines which retroactively reduced the Guideline offense level for crack offenses.  That fact is outweighed, however, by defendant's need for outside help to treat his drug addiction and to re-integrate into society.  The Court listened very carefully to defendant's statements at the revocation hearing.  To give defendant the best opportunity to successfully re-integrate into the community, the Court imposed a supervised release term of 15 months with a mandatory condition for substance abuse treatment.  Although the Court declines to terminate defendant's supervised release, it appears that a reduction in the term of supervised release is appropriate.  In particular, the Court, after consulting with defendant's probation officer, finds that his term of supervised release should be reduced from 15 months to

---

[3]  A mandatory condition of his supervision was a stay up to 180 days in a halfway house so that he could receive substance abuse treatment.  Defendant served a portion of his prison sentence in a halfway house.  After his prison term and to address defendant's drug addiction, the Probation Office required defendant to undergo an in-patient substance abuse treatment program.  After defendant has completed that program, the Probation Office will place defendant in a halfway house for up to 180 days.

10 months.[4]  A ten-month term will allow defendant an opportunity to complete the in-patient substance abuse treatment program and provide him an opportunity to re-integrate into the community before the Court terminates his term of supervised release.[5]

**IT IS THEREFORE ORDERED** that defendant's 3582 Motion [For] Modification Relating To Early Termination Of Supervised Release (Doc. #437) filed November 18, 2011 be and hereby is **SUSTAINED in part**.  The Court reduces defendant's term of supervised release from 15 months to 10 months.  All other terms of defendant's supervised release shall remain the same as those set forth in the Judgment (Doc. #421) filed January 18, 2011.

Dated this 15th day of December, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[4] Defendant's probation officer has consulted government counsel who does not object to this reduction in defendant's term of supervised release.  Accordingly, the Court grants defendant partial relief without a hearing.  See Fed. R. Crim. P. 32.1(c)(2) (no hearing required if the relief sought is favorable to defendant, does not extend the term of supervised release and counsel for government does not object).

[5] A reduction of five months will also reduce defendant's total time on supervised release to approximately 36 months – the length of the term of supervised release on his original sentence (and the length of supervised release that the Court finds would have been appropriate in connection with any reduced sentence).